2170-8

DeORCHIS & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
F.H. BERTLING HOLDING KG,

                     Plaintiff,

      -against-

RANHILL ENGINEERS AND CONSTRUCTORS
SDN. BHD.,
                     Defendant.
------------------------------------------------------------X




VERIFIED COMPLAINT
AND RULE B ATTACHMENT

       Plaintiff, F.H. Bertling Holding KG ("Plaintiff" and/or "FHB"), by its attorneys, DeOrchis & Partners, LLP, as and for its Verified Complaint against Defendant Ranhill Engineers and Constructors Sdn. Bhd. ("Defendant" and/or "REC"), alleges upon information and belief as follows:

## JURISDICTION AND VENUE

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

       2.    Venue is proper under 28 U.S.C. §1391 (d) because Defendant REC is an alien.

       3.    At all material times, Plaintiff FHB was and still is a holding company engaged in the business of providing ocean transportation of goods and equipment and related logistics services and was and still is a foreign corporation organized and existing under and by virtue of

the laws of the government of Germany, with an office and place of business at Bertling House, Grosse Altefähre 23, 23552 Lübeck, Germany. Plaintiff FHB sues herein for and on behalf of all subsidiaries and related corporations, as their interests may appear, that provided or were to provide actual transportation and logistics to Defendant REC and/or REC's agents, employees, subcontractors and designees pursuant to agreements between FHB and REC mentioned herein.

4. At all material times, Defendant REC was engaged in the business of construction of residential and commercial structures and was and still is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 31st Floor, Empire Tower, No. 182, Jalan Tun Razak, 50400 Kuala Lumpur, Malaysia.

## BACKGROUND FACTS

5. On or about July 27, 2006, FHB and REC entered into an ocean transportation and related logistics contract (the "July 27, 2006 Agreement") under certain terms and conditions and for certain consideration more fully set forth in a written agreement signed that day by authorized representatives for and on behalf of both parties for ocean transportation and logistics services to be provided by FHB in support of certain construction projects to be performed by REC.

6. Among the consideration that formed part of the July 27, 2006 Agreement was a mobilization fee of $2,341,245.16 to be paid to FHB by REC by no later than a date certain - October 31, 2006 - in accordance with the terms and conditions of the July 27, 2006 Agreement.

7. The said mobilization fee was a deferred payment due and owing to FHB by REC for ocean transportation and related logistics services under prior agreements between FHB and REC. The deferment of this payment until October 31, 2006 was part of the consideration for

REC's agreement under the July 27, 2006 Agreement to use FHB as the sole and exclusive transportation and logistics provider in support of REC's construction projects referenced in the July 26, 2006 Agreement. Otherwise, the mobilization fee was and remains due and owing to FHB without regard to the further transportation and logistics services to be provided under the July 27, 2006 Agreement.

8. The said mobilization fee was to be paid on October 31, 2006, under the terms and conditions of the July 27, 2006 Agreement. This payment date was subsequently extended, the latest agreed upon date being January 15, 2007, in further consideration of REC's obligation to use FHB as the sole and exclusive provider of all transportation and logistics services required in support of REC's construction projects contemplated under the July 27, 2006 Agreement.

9. On or about November, 2006, REC was awarded a construction project in Libya to build approximately 10,000 residential housing units, and during the course of 2007, the scope of this construction project was increased such that REC was to build an additional 30,000 residential housing units along with ancillary jobs. This 40,000 unit construction project (the "Libyan Housing Project") was one of the projects contemplated and referenced in the July 27, 2006 Agreement.

10. On or about September 8, 2006, FHB received a letter dated September 6, 2006 from REC in which REC confirmed its mutual understanding with FHB that the terms and conditions of the July 27, 2006 Agreement conferred upon FHB the sole and exclusive right to be awarded all transportation and logistics work related to the Libyan Housing Project and an obligation on the part of REC to so award this work to FHB.

11. During the course of 2007, Plaintiff FHB, and subsidiaries and related corporations whose interests may appear and for and behalf of whom FHB also sues herein, performed ocean transportation and related logistics services related to the Libyan Housing Project for Defendant REC, its subsidiaries, related corporations, joint ventures, agents, employees, and subcontractors, pursuant to the terms and conditions of the July 27, 2006 Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT – NONPAYMENT OF MOBILIZATION FEE

12. Plaintiff FHB repeats and re-alleges each and every one of the foregoing allegations as though fully set forth herein at length.

13. The Libyan Housing Project went forward in 2007 as projected and contemplated in the July 27, 2006, Agreement, and ocean transportation and logistics services in support thereof were provided by FHB to REC under the Agreement.

14. The mobilization fee of $2,341,245.16 was due and owing by REC to FHB by no later January 15, 2007, under the July 27, 2006, Agreement and extensions granted thereafter.

15. Defendant FHB has fully and completely performed all obligations under the Agreement.

16. In breach of the July 27, 2006 Agreement and previous agreements between FHB and REC, no part of the $2,341,245.16 mobilization fee has been paid, although the same has been duly and repeatedly demanded by FHB.

17. By reason of the foregoing, FHB and those for and on behalf of whose interests FHB sues herein have suffered damages in the amount of $2,341,245.16, plus interest from January 15, 2007.

## AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT – NONPAYMENT OF FREIGHT

18. Plaintiff FHB repeats and re-alleges each and every one of the foregoing allegations as though fully set forth herein at length.

19. Pursuant to the terms and conditions of the July 27, 2006 Agreement, in 2007, ocean transportation and related logistics services of containerized materials and equipment to the Sudan and Libya were provided by FHB, and subsidiaries and related corporations whose interests may appear and for and behalf of whom FHB also sues herein, to Defendant REC, its subsidiaries, related corporations, joint ventures, agents, employees, and subcontractors, in consideration of ocean freight and related charges which were to be paid.

20. In breach of the July 27, 2006, Agreement, outstanding ocean freight and related charges for the aforesaid services in the amount of $381,252.95 is due and owing by Defendant REC to Plaintiff FHB.

21. Defendant FHB has fully and completely performed all obligations under the Agreement.

22. No amount of the aforesaid $381,252.95, plus interest, has been paid, although duly and repeatedly demanded by FHB.

23. By reason of the foregoing, FHB, and those for and on behalf of whose interests FHB sues herein, have suffered damages in the amount of $381,252.95, plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT – LOST PROFITS

24. Plaintiff FHB repeats and re-alleges each and every one of the foregoing allegations as though fully set forth herein at length.

25. Pursuant to the terms and conditions of the July 27, 2006 Agreement, and subsequent verbal and written confirmations by REC, FHB was to be the sole and exclusive provider of ocean transportation and logistics services for the Libyan Housing Project and other projects.

26. In breach of the July 27, 2006 Agreement, Defendant REC has refused to award to FHB, and those for and on behalf of whose interests FHB sues herein, all ocean transportation and logistics jobs in support of the Libyan Housing Project on the terms and conditions of the said Agreement.

27. Plaintiff FHB has made good faith efforts to discuss with Defendant REC this breach of the July 27, 2006 Agreement and means to rectify the issue, but REC has refused to cooperate.

28. As a result of the aforesaid breach of contract, FHB has lost profits through the date of this Verified Complaint in the estimated amount of $500,000, no amount of which has been paid.

29. By reason of the foregoing, FHB and those for and on behalf of whose interests FHB sues herein, have suffered damages in the amount of $500,000, plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### SECURITY IN AID OF ARBITRATION

30. Plaintiff FHB repeats and re-alleges each and every one of the foregoing allegations as though fully set forth herein at length.

31. The July 27, 2006 Agreement provides that any disputes between the parties are to be resolved by the appointment of experts followed by International Chamber of Commerce ("ICC"), Paris arbitration in Kuala Lumpur, if necessary.

32. Plaintiff FHB has, by nominating its expert, already commenced alternative dispute resolution proceedings under the July 27, 2006 Agreement, in connection with the debt owed to it with regard to REC's breaches of the July 27, 2006 Agreement.

33. If the experts cannot resolve this dispute expediently, then the dispute is, in accordance with the July 27, 2006 Agreement to be referred to ICC arbitration in Kuala Lumpur, where substantive issues will eventually be heard.

34. REC has not appointed its expert in accordance with the terms and conditions of the July 26, 2007 Agreement. Thus, ICC arbitration is anticipated.

35. This action is further brought in aid of arbitration to obtain security for the claims as outlined above and for additional sums which Plaintiff FHB will incur such as anticipated attorney fees and arbitral costs, estimated at $500,000.

36. This action is also brought to obtain security for interest estimated at $600,000 through to completion of the arbitration.

37. Therefore, Plaintiff FHB's total claim is for US $4,322,771.11, plus interest.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

38.     Plaintiff FHB repeats and re-alleges each and every one of the foregoing allegations as though fully set forth herein at length.

39.     After due investigation, Defendant REC cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets, comprising *inter alia,* cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant REC ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court including, but not limited to, HSBC (USA), HSBC NA, Bank of America, Wachovia, Citibank, American Express Bank, Deutsche Bank & Trust Co., J.P. Morgan Chase, Bank of New York, USB, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendant.

40.     Plaintiff FHB seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of Defendant REC held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure and/or satisfy Plaintiff FHB's claims as described above.

WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against Defendant REC, citing that REC appear and answer under oath all and singular the matters alleged in the Complaint;

    B.    That, since Defendant REC cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant REC ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to, HSBC (USA), HSBC NA, Bank of America, Wachovia, Citibank, American Express Bank, Deutsche Bank & Trust Co., J.P. Morgan Chase, Bank of New York, USB, and/or Standard Chartered Bank, which are believed to be due and owing to Defendant REC in the amount of US $4,322,771.11 to satisfy and/or secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

    C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D. That Plaintiff FHB has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       February 28, 2008

>                                    DeORCHIS & PARTNERS, LLP
>                                    Attorneys for Plaintiff
>
>                                    By: _____
>                                    William E. Lakis (WL-9355)
>                                    61 Broadway, 26th Floor
>                                    New York, New York 10006-2802
>                                    (212) 344-4700
>                                    Our File: 2170-8

W:\2170-8\Legals\Rule B Attachment\2nd DRAFT Complaint And Rule B Attachment 021908.Wel.Doc 2/28/08-sh

## VERIFICATION

William E. Lakis declares and states that he is an attorney employed by the law firm of DeOrchis & Partners, LLP, attorneys for Plaintiff in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that the Plaintiff is a corporation whose principal place of business is outside New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2008

_____
William E. Lakis